United States District Court
Southern District of Texas
**ENTERED**
October 21, 2015
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAYNA JAMES, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-14-1650 |
| | § | |
| COMMISSIONER OF SOCIAL SECURITY, | § | |
| | § | |
| *Defendant*. | § | |

## ORDER

Pending before the court is a memorandum and recommendation ("M&R") filed by Magistrate Nancy Johnson.  Dkt. 21.  Magistrate Johnson considered a motion for summary judgment file by plaintiff Jayna James (Dkt. 19) and a cross motion for summary judgment filed by defendant Carolyn W. Colvin, Acting Commissioner of the Social Security Administration (the "Commissioner") (Dkt. 16).  Magistrate Johnson recommends denying James's motion and granting the Commissioner's motion.  Dkt. 21.  Having considered the M&R, the motions, other relevant materials in the record, and James's objections, the court is of the opinion that James's objections should be OVERRULED and the M&R should be ADOPTED.

James contends that Magistrate Johnson erred in her determination that the Commissioner had given proper review to the opinions of James's physician, Dr. Dhima Basu, and had given adequate weight to the opinions of Basu contained in two Medical Source Statements and his chart notes.  Dkt. 22.  James asserts first that Magistrate Johnson misinterpreted his argument regarding the Administrative Law Judge's ("ALJ") consideration of Basu's opinions, as Magistrate Johnson stated that James contended the ALJ "rejected" Basu's opinions when in reality James argued that the ALJ misinterpreted the chart notes, which are "clinical in nature."  *Id.*  The ALJ found that

Basu's Medical Source Statements were inconsistent with his medical assessments in the record and, as such, gave only "limited weight" to the Medical Source Statements. *See* Dkt. 21 at 56–57 (discussing the portions of the administrative record where the ALJ noted the inconsistencies between the chart notes and the Medical Source Statements). Regardless of how Magistrate Johnson framed James's argument, she throughly and properly evaluated the ALJ's decision to give limited weight to Basu's Medical Source Statements. *See* Dkt. 21 at 56–58.

James also argues that the ALJ should have given controlling weight to Basu's Medical Source Statements since Basu was the treating physician and that the ALJ should have contacted Basu if he concluded the evidence did not support the opinions expressed in the Medical Source Statements. Dkt. 22. However, the ALJ complied with the factors in 29 C.F.R. § 404.1508(c) in determining that he would give only limited weight to Basu's opinion. *See* Dkt. 21 at 54–57. As far as the contention that the ALJ should have contacted Basu, the ALJ does not have an obligation to recontact the treating physician if there is sufficient evidence in the record to support his or her decision regarding whether the plaintiff is disabled. *See* 20 C.F.R. § 1520b (noting that the ALJ *may* recontact the treating physician).

James's objections are OVERRULED, and the M&R is hereby ADOPTED in full. James's motion for summary judgment is DENIED, and the Commissioner's motion for summary judgment is GRANTED. The decision of the Social Security Administration is AFFIRMED.

Signed at Houston, Texas on October 21, 2015.

_____
Gray H. Miller
United States District Judge